# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

BRUCE RASQUINHA, an individual,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,

    Defendant.

## NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company (State Farm), pursuant to 28 U.S.C. § 1446, hereby removes the above-referenced action from the District Court, City and County of Denver, Colorado, based on the following:

1.    The above action was filed in the District Court, City and County of Denver, Colorado, and is now pending before that Court. A copy of the Complaint and Jury Demand is attached as Ex. A. A copy of the District Court Civil (CV) Case Cover Sheet is attached as Ex. B. A copy of the Summons is attached as Ex. C. A copy of the Affidavit of Service is attached as Ex. D. A copy of the Pretrial Order – Rule 16 is attached as Ex. E. A copy of the Delay Reduction Order is attached as Ex. F. No other filings have occurred in the state court case.

2.    The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as it is a civil action between parties of diverse citizenship, involving an amount alleged to be in controversy exceeding $75,000.00, exclusive of interest and costs.

3.    Plaintiff Bruce Rasquinha is a citizen of Colorado as he is "domiciled in the State

of Colorado." (Ex. A, ¶ 1.) *See, e.g.*, *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) (equating citizenship and domicile).

4.   State Farm is a citizen of the State of Illinois, as it is an Illinois corporation with its principal place of business in Illinois. (*See* Ex. A, ¶ 2; *see also* State Farm's listing with the Colorado Secretary of State business search website.[1])

5.   There is thus complete diversity between the parties pursuant to 28 U.S.C. § 1332(a)(1).

6.   This action involves an amount alleged to be in controversy exceeding $75,000, exclusive of interest and costs. The civil cover sheet filed in the state court action establishes that the amount in controversy exceeds $75,000. (*See* Ex. B, ¶ 2: Plaintiff's counsel certifies that C.R.C.P. 16.1 does not apply because "I certify that the value of this party's claims . . . is reasonably believed to exceed $100,000.") *See also Paros Properties, LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (Colorado state court civil cover sheet indicating amount sought is greater than $100,000 suffices to start "removal clock" for purposes of 28 U.S.C. § 1446).

7.   Plaintiff's allegations in his Complaint also support an amount in controversy exceeding $75,000. Plaintiff submitted a claim for loss to a residence dwelling and personal property, under a homeowners policy issued to him by State Farm providing coverage under its terms and conditions, after a vehicle struck the residence. (Ex. A, ¶¶ 13, 20.) Plaintiff alleges delay by State Farm in paying dwelling coverage benefits in excess of $197,000, and further

---

[1] From a search for "State Farm Fire and Casualty Company," at:
https://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&masterFileId=19871002031&entityId2=19871002031&fileId=19871002031&srchTyp=ENTITY. The Court may take judicial notice of this information pursuant to Fed.R.Evid. 201(b)(2).

alleges unpaid benefits for personal property coverage in the approximate amount of $45,000. (*See, e.g.*, Ex. A, ¶¶ 30, 67, 81-83.)  Plaintiff alleges he is entitled to recover two times the covered benefit and attorneys' fees pursuant to C.R.S. §§ 10-3-1115 and -1116, and other alleged damages.  (Ex. A, "wherefore" clause.)

8. Given that Plaintiff's state court civil cover sheet asserts the amount claimed exceeds $100,000, and the allegations regarding asserted unreasonable delay/denial in payment of dwelling and personal property coverage benefits and claim for attorneys' fees, the asserted amount in controversy in this action exceeds $75,000.

9. Accordingly, State Farm has demonstrated by a preponderance of the evidence that it is entitled to remove this action pursuant to 28 U.S. C. § 1446(a).  *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

Respectfully submitted,

*s/ Marilyn S. Chappell*
Jon F. Sands
Marilyn S. Chappell
Sweetbaum Sands Anderson PC
1125 Seventeenth Street, Suite 2100
Denver, Colorado 80202
Phone:  (303) 296-3377
Fax:  (303) 296-7343
jsands@sweetbaumsands.com
mchappell@sweetbaumsands.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2019, I electronically filed the foregoing **NOTICE OF REMOVAL, WITH EX. A-F,** with the Clerk of the Court using the CM/ECF system.

I further certify that I emailed the foregoing **NOTICE OF REMOVAL, WITH EX. A-F**, to the following:

David J. Furtado
Matthew W. Hamblin
Furtado Law PC
3773 Cherry Creek North Dr., Suite 755
Denver, CO 80209
dfurtado@furtadolaw.com
matthew@furtadolaw.com

*s/ Megan MacLennan*